No. 74,511

In the Matter of HOWARD L. JENKINS, II, *Respondent*.

(907 P.2d 825)

Opinion filed December 8, 1995.

*Mark F. Anderson*, disciplinary administrator, argued the cause, and *Stanton A. Hazlett* and *Marty M. Snyder*, deputy disciplinary administrators, were on the formal complaint for petitioner.

*Howard L. Jenkins, II*, respondent, argued the cause pro se.

*Per Curiam*: Respondent was indefinitely suspended from the practice of law July 8, 1994. See *In re Jenkins*, 255 Kan. 797, 877 P. 2d 423 (1994). This is an additional original proceeding in discipline filed by the office of the Disciplinary Administrator against Howard L. Jenkins, II. Complaint No. B5856 was heard before a panel of the Kansas Board for Discipline of Attorneys (Board). The facts, as determined by the Board, are not disputed by respondent. The exhibits were admitted without objection.

The following pertinent findings were made by the panel in this matter:

"Respondent basically admitted the allegations of the complaint herein and stipulated that said allegations constitute violations of Model Rules of Professional Conduct 1.15 regarding safe keeping of property, 1.13 regarding diligence and 1.14 regarding communication. Respondent does disagree, however, with complainant's claims regarding the identification and valuation of certain items of personal property in question."

"FINDING OF FACTS

"Having reviewed and considered the evidence presented as well as the statements and arguments of counsel and the respondent the panel unanimously finds the following facts have been established by clear and convincing evidence.

"1. Respondent is an attorney at law and his Kansas Attorney Registration Number is 10525. . . .

"2. In 1989 the respondent undertook to represent the complainant, Gary A. Brooks, in a divorce action. Following a trial a decree was entered wherein complainant was to receive certain items of personal property.

"3. Complainant's ex-wife delivered to the respondent certain items of said personal property. However, the respondent did not inspect, inventory or receipt for such items received and they were apparently placed in a garage at the home of respondent's wife. Respondent claimed to be also involved in a divorce action and claimed to have no access to the garage at that point in time.

"4. At some later time complainant did receive certain items of the subject property but claims that certain other items have not been returned. Throughout the relevant time period complainant experienced great difficulty in communicating with respondent and obtaining responses to his inquiries regarding his property.

"5. The complainant acknowledged that his ex-wife originally claimed to have returned property which was not, in fact, returned and the panel is unable to make specific findings with regard to any items of personal property which respondent may have received and failed, for whatever reasons, to deliver to complainant."

The panel's conclusions of law included the following:

"6. Respondent's conduct violates the following Kansas Rules of Professional Conduct:

"a. Rule 1.15 [1994 Kan. Ct. R. Annot. 332] (Safekeeping of client's property);

"b. Rule 1.3 [1994 Kan. Ct. R. Annot. 297] (Diligence);

"c. Rule 1.4 [1994 Kan. Ct. R. Annot. 302] (Communication).

"The panel takes notice of the prior complaints and dispositions in case numbers B4902, B4984, B5120, B5131, B5145, B5293, B5295 [see 255 Kan. 797] and an earlier complaint for which respondent received informal admonition in August of 1990. The panel takes further notice of the mitigating circumstances specified in its report concerning the above complaints. The respondent, as a result of such prior cases, is presently under an indefinite suspension . . . .

"It is the unanimous recommendation of the panel that respondent be given the sanction of indefinite suspension from the practice of law. Such suspension shall run concurrently with and shall be upon the same terms and conditions as the indefinite suspension ordered in Docket Number 71,246. [See 255 Kan. 797.]

"The panel notes that the instant complaint arose during the same time period as the complaints contained in Docket Number 71,246. The panel therefore recommends that the date of respondent's eligibility to apply for readmission to the Bar be determined by the indefinite suspension date utilized in Docket Number 71,246.

"It is further recommended that respondent pay the cost of this action and that he be directed to reasonably negotiate with the complainant in an attempt to resolve any remaining controversy regarding return of personal property."

## DISCUSSION

Jenkins did not file exceptions to the findings, conclusions, and

recommendations as embodied in the final hearing report of the panel.

It is the responsibility of this court to examine the evidence and determine for itself the discipline to be imposed.

We find there is clear and convincing evidence establishing the violations determined by the panel. The misconduct in the instant case does not involve an isolated instance or an inadvertent error. Respondent has repeatedly failed to follow through on his responsibilities as a lawyer. We adopt the recommendation of the panel that respondent receive indefinite suspension from the practice of law, such suspension to run concurrent with and upon the same terms and conditions as the indefinite suspension ordered in *In re Jenkins,* 255 Kan. 797. We shall consider additional requirements if respondent seeks reinstatement under Supreme Court Rule 219 (1994 Kan. Ct. R. Annot. 223).

MRPC 1.15 (1994 Kan. Ct. R. Annot. 332) (safekeeping property) sets out guidelines for lawyers when holding clients' property of any form. We emphasize that Rule 1.15 also applies to tangible personal property.

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state of Kansas. *Other property* shall be identified as such and appropriately safeguarded. Complete records of such account funds and *other property* shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

"(b) Upon receiving funds or *other property* in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds *or other property* that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

"(c) When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.

"(d) Preserving identity of funds and property of a client.

. . . .

"(2) The lawyer shall:

    (i) Promptly notify a client of the receipt of the client's funds, securities, *or other properties*.

    (ii) Identify and label securities and *properties* of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

    (iii) Maintain complete records of all funds, securities, *and other properties* of a client coming into the possession of the lawyer and render appropriate accountings to the client regarding them.

    (iv) Promptly pay or deliver to the client as requested by a client the fund, securities, *or other properties* in the possession of the lawyer which the client is entitled to receive.

. . . .

"(e) Every Kansas lawyer engaged in the private practice of law in Kansas shall, as a part of his or her annual registration, certify to the following:

" 'I am familiar with and have read Kansas Supreme Court Rule 226, MRPC 1.15, and I and/or my law firm comply/complies with MRPC 1.15 pertaining to preserving the identity of funds *and property* of a client.' " (Emphasis added.)

The comment to Rule 1.15, in pertinent part, offers further guidance in handling personal property of a client.

"A lawyer should hold property of others with the care required of a professional fiduciary. Securities should be kept in a safe deposit box, except when some other form of safekeeping is warranted by special circumstances. All property which is the property of clients or third persons should be kept separate from the lawyer's business and personal property and, if monies, in one or more trust accounts. . . .

. . . .

"Third parties, such as a client's creditors, may have just claims against funds *or other property* in a lawyer's custody. A lawyer may have a duty under applicable law to protect such third-party claims against wrongful interference by the client and accordingly, may refuse to surrender the property to the client. However, a lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party.

"The obligations of a lawyer under this Rule are independent of those arising from activity other than rendering legal services. For example, a lawyer who serves as an escrow agent is governed by the applicable law relating to fiduciaries even though the lawyer does not render legal services in the transaction.

. . . .

"Rule 1.15 of the Model Rules of Professional Conduct requires that lawyers in the practice of law who are entrusted *with the property* of law clients and third persons must hold that property with the care required of a professional fiduciary. The basis for Rule 1.15 is the lawyer's fiduciary obligation to safeguard trust

property and to segregate it from the lawyer's own property, and not to benefit personally from the possession of the property." (Emphasis added.)

We adopt the panel's recommendation that respondent be directed to reasonably negotiate with the complainant in an attempt to resolve any remaining controversy regarding return of personal property.

IT IS THEREFORE ORDERED that Howard L. Jenkins, II, be suspended from the practice of law indefinitely in accordance with Supreme Court Rule 203(a)(2) (1994 Kan. Ct. R. Annot. 189) for his violations herein. Such suspension shall run concurrent with and shall be upon the same terms and conditions as the indefinite suspension ordered in *In re Jenkins*, 255 Kan. 797. The date of respondent's eligibility to apply for readmission to the bar shall be determined by the indefinite suspension date utilized in *In re Jenkins*, 255 Kan. 797.

IT IS FURTHER ORDERED that although Howard L. Jenkins, II, has been on inactive status since November 8, 1991, he shall comply with Supreme Court Rule 218 (1994 Kan. Ct. R. Annot. 217).

IT IS FURTHER ORDERED that respondent shall report the status of his attempted resolution of the controversy with complainant to the Disciplinary Administrator on or before February 8, 1996.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.